**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELVIN OSVALDO MORENO-NAVARRETE, AKA Kelvin Moreno-Navarrete, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-72822 <br><br> Agency No. A099-651-503 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2020[**]
San Francisco, California

Before:  BOGGS,[***] M. SMITH, and BENNETT, Circuit Judges.

Petitioner Kelvin Moreno-Navarrete (Moreno-Navarrete) petitions for review

of the order of the Board of Immigration Appeals (BIA).  The BIA affirmed the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

decision of the immigration judge (IJ) denying Moreno-Navarrete's applications for withholding of removal under the Immigration and Nationality Act (INA) and relief under the Convention Against Torture (CAT). This court has jurisdiction under 8 U.S.C. § 1252. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We **DENY** the petition for review and affirm the BIA's decision.

The BIA determined that, because Moreno-Navarrete did not raise the argument before the IJ, he waived his assertion that "he is a member of a cognizable particular social group defined as a person who reported gang members to the police and, as a result of which, the gang members have been put in jail and now seek revenge against him." Moreno-Navarrete does not dispute that he waived this issue. Thus, the basis for Moreno-Navarrete's withholding claim is waived. *See Kumar v. Gonzales*, 444 F.3d 1043, 1056 (9th Cir. 2006); *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

Even if not waived, the purported social group is not cognizable. In *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013), we ruled that the BIA erred when "it failed to consider significant evidence that Salvadoran society recognizes the unique vulnerability of people who testify against gang members in criminal proceedings, because gang members are likely to target these individuals as a group." *Id.* at 1092. In addition to explicitly noting that testimony in court

formed the basis of the particular social group, we cited the petitioner's evidence about how "the Salvadoran legislature enacted a special witness protection law in 2006 to protect people who testify against violent criminal elements . . . in Salvadoran court." *Id.* In contrast, Moreno-Navarrete bases his purported social group on the fact that he "[c]all[ed] the police on gang members resulting in two arrests." Moreno-Navarrete never asserts that he testified in open court against such gang members. Therefore, applying *Henriquez-Rivas*, Moreno-Navarrete has not asserted that he is a member of a particular social group for the purposes of the INA.

Moreno-Navarrete's CAT claim focuses entirely on the Guatemalan government's inability to "curb violence and contain criminal gangs and mafias," citing a 2013 report from the Department of Justice. Nowhere does Moreno-Navarrete connect this general violence in Guatemala to show that "it is more likely than not that he . . . would be tortured if removed to" that country. 8 C.F.R. § 1208.16(c)(2). Moreno-Navarrete's "generalized evidence of violence and crime in [Guatemala] is not particular to [him] and is insufficient to meet this standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). The BIA had substantial evidence to conclude that Moreno-Navarrete was not eligible for CAT relief. *See Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019).

Accordingly, we **DENY** the petition for review and affirm the decision of the BIA.